UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA LUNSFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-02330-MJD-TWP |
| | ) |
| TIPTON COUNTY SHERIFF'S DEPARTMENT, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on Defendants' *Motion to Dismiss*. [Dkt. 30.] Defendants assert the Tipton County Sheriff's Department should be dismissed from this action because a sheriff's department is not a separate, suable entity. [Dkt. 31 at 2.] Defendants argue that, like police departments, sheriff's departments in Indiana lack the statutory capacity to be sued. This is incorrect. *Porter Cnty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363, 372 (Ind. 2006) (holding sheriff's department subject to suit in Indiana Tort Claims Act case).

An Indiana sheriff's department is an independently elected constitutional office, Ind. Const. art. VI, § 2(a), with a statutory duty to "take care of the county jail and the prisoners there[.]" Ind. Code § 36-2-13-5(a)(7). Unlike city police departments, the office of an Indiana sheriff is not a mere department of county government. *Frazee v. Dearborn Cty. Sheriff's Dep't*, 2017 WL 4650874, at *10 (S.D. Ind. Oct. 17, 2017). A county sheriff answers to the voting citizens of that county, not county council members or a mayor. Consequently, Defendants' reliance upon *Sow v. Fortville Police Department*, 636 F.3d 293 (7th Cir. 2011) is not persuasive

1

because its outcome was dependent upon the Fortville Police Department's status as a **city** police department.

Regardless, Defendants' arguments are an attempt to make a distinction without a difference. Defendants concede Tipton County Sheriff Tony Frawley was properly sued in his official capacity. [Dkt. 51 at 5.] "A suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent." *Franklin v. Zaruba,* 150 F.3d 682, 684 n. 2 (7th Cir. 1998). In other words, Plaintiff's official capacity claims against Sheriff Frawley (as well as the official capacity claims against Jail Commander Matthew Deckard) are in effect claims against the Tipton County Sheriff's Department. Therefore, Plaintiff has asserted claims that are redundant of each other because they are against the same defendant, namely the Tipton County Sheriff's Department. For the sake of cleaning up the docket in this matter, the Court will dismiss the official capacity claims against Sheriff Frawley and Jail Commander Matthew Deckard and maintain the Tipton County Sheriff's Department as the named party for Plaintiff's claims against the department. *See, e.g. Cano v. Vasquez*, 2016 WL 7475658 at *2 (N.D. Ind. 2016).

Defendants' Motion to Dismiss [Dkt. 30] is **DENIED**. The Clerk is directed to amend the docket to reflect that the official capacity claims against Sheriff Tony Frawley and Jail Commander Matthew Deckard are **DISMISSED**.

SO ORDERED.

Dated: 29 NOV 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Brandi A. Gibson
COOTS HENKE & WHEELER, P.C.
bgibson@chwlaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@btlmlaw.com

Brian M. Pierce
BRIAN M. PIERCE, ATTORNEY AT LAW
brianpiercelaw@aol.com